## WALTER, JR., APPELLANT, *v.* COX, RESPONDENT.

(No. 2,428.)

(Submitted October 7, 1907. Decided October 21, 1907.)

[91 Pac. 1063.]

*Justices of the Peace—Appeal—Counterclaims—Nonsuit.*

1. Where defendant in an action before a justice of the peace failed to set up a then subsisting counterclaim upon which an action might have been brought in that court, he could not, under sections 1524 and 1525 of the Code of Civil Procedure, thereafter on appeal to the district court have it adjudicated, and a motion for nonsuit on the ground that by his failure he was barred from securing any relief was properly sustained.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by James S. Walter, Jr., against L. A. Cox. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Messrs. McIntire & Kendall,* for Appellant.

An action for unliquidated damages, the subject of this action, is not a counterclaim as defined by the Code, and that it could not be set up as a defense against respondent's cause of action on a contract. (*Wells* v. *Clarkson,* 2 Mont. 379; *Collier* v. *Ervin,* 3 Mont. 144.) This cause of action did not arise out of the contract or transaction set forth in the complaint and was not connected with the subject of the action. (Code Civ. Proc., sec. 691.) Section 1525, Code of Civil Procedure, provides that if defendant fails to set up a counterclaim, he cannot maintain an action against plaintiff therefor. The subject of this action is not a counterclaim as defined by said section of the Code. The penalty as prescribed in said section 1525 is for not setting up a counterclaim, and not for failing to set up another cause of action.

*Mr. C. H. Foot,* for Respondent.

Not only under the provisions of section 1524 of the Code of Civil Procedure, but under the terms of sections 690 and 691 of the same Code, if a cause of action existed in favor of defendant, it was a counterclaim existing at the time the respondent brought his action against him, and should have been set up in the first action between the parties. (See 12 Am. & Eng. Ency. of Pl. & Pr. 724; *Goebel* v. *Hough,* 26 Minn. 252, 2 N. W. 848; *Sheilby* v. *Dixon Co.,* 61 Neb. 409, 85 N. W. 399; *Branch* v. *Chappel,* 119 N. C. 81, 25 S. E. 783; *Streeper* v. *Thompson et al.* (Tex. Civ. App.), 23 S. W. 326; *De Witt* v. *Cullings,* 32 Wis. 298; *Harlan* v. *St. Paul etc. R. R.,* 31 Minn. 427, 18 N. W. 147; *Lancaster Mfg. Co.* v. *Colgate,* 12 Ohio St. 344; *Griffin* v. *Moore,* 52 Ind. 295; *Harris* v. *Curet,* 9 Abb. Pr., N. S., 199; *Fraker* v. *Cullom,* 24 Kan. 679; *Hade* v. *McVey,* 31

Ohio St. 231; *Merrill* v. *Nightingale,* 39 Wis. 247; *Eaton* v. *Wolly,* 28 Wis. 628.)

Either liquidated or unliquidated damages may be made the subject of a counterclaim. (*Wheelock* v. *Pacific Co.,* 51 Cal. 223; *Morrison* v. *Lovejoy,* 6 Minn. 319 (Gil. 224); *Empire Trans. Co.* v. *Boggiano,* 52 Mo. 294; *Barnes* v. *McMullins,* 78 Mo. 260; *Shubert* v. *Harteau,* 34 Barb. 447; *Parsons* v. *Sutton,* 66 N. Y. 92.) That unliquidated claim for damages may be set up as a counterclaim where it is within sections 691 and 692, *supra,* the following cases establish: *Potter* v. *Lohse,* 31 Mont. 91, 77 Pac. 419; *Osmero* v. *Furey,* 32 Mont. 581, 81 Pac. 345; *Niver* v. *Nash,* 7 Wash. 558, 35 Pac. 380; *Hanson* v. *Yturria* (Tex. Civ. App.), 48 S. W. 795; *Clement* v *Field,* 147 U. S. 467, 13 Sup. Ct. 358, 37 L. Ed. 244; *Stoddard* v. *Treadwell,* 26 Cal. 294, 309; *Van Epps* v. *Harrison,* 49 Am. Dec. 314, and authorities collected in note.

MR. CHIEF JU^TI' 'E BRANTLY delivered the opinion of the court.

This action originated in a justice of the peace court, and was brought into the district court by appeal. It was brought to recover damages alleged to have resulted to the plaintiff from the burning of certain grain and straw of the plaintiff, through the negligence of defendant while threshing for plaintiff. It is alleged that the negligence of defendant caused a loss to the plaintiff of one hundred and sixty bushels of grain, of the value of $107.20, and of straw of the value of $15. Judgment is demanded for $122.20.

The answer, among other defenses, contains the following:

"(1) That at the time of the commencement of said action another action was pending in said court, wherein this defendant was plaintiff and said plaintiff was defendant, wherein the defendant herein sought to recover of said plaintiff as defendant a judgment for the sum of $100.28.

"(2) That thereafter and on the second day of January, 1906, a judgment was duly given and made in said action, wherein

this defendant was plaintiff and said plaintiff was defendant, against said plaintiff and in favor of this defendant.

"(3) That at the time of the commencement of the above-entitled action the pretended cause of action set forth in plaintiff's complaint herein existed against this defendant, if it existed at all, and if the plaintiff had a cause of action against this defendant it was a counterclaim against the cause of action set forth by this defendant in his complaint against said plaintiff, and as such should have been set up as a counterclaim in said action.

"(4) That plaintiff wholly failed, neglected, and refused to set up such counterclaim in said action of this defendant against said plaintiff, and that therefore under sections 1524 and 1525 of the Code of Civil Procedure of the state of Montana said plaintiff cannot maintain an action against this defendant for the amount, or any part thereof, or upon the cause of action, or any part thereof, set forth in plaintiff's complaint herein."

During the hearing of plaintiff's evidence, the facts set forth in this special defense were admitted by the plaintiff and his counsel. When the plaintiff rested, the defendant interposed a motion for nonsuit on two grounds: First, that the evidence submitted did not sustain the allegations of plaintiff's complaint; and, second, that it appeared therefrom that the action was barred by reason of the fact that the plaintiff, having a cause of action against the defendant of which the justice's court had jurisdiction at the time the defendant had brought his action, as set forth in the answer, had failed to set it up as counterclaim. The court sustained the motion and directed judgment for the defendant. The plaintiff has appealed from the judgment and an order denying his motion for a new trial.

We are of the opinion that the motion was properly granted on the second ground. It is admitted by plaintiff's counsel that, if the cause of action stated in the complaint was such that it might have been set up as a counterclaim in the former action between the parties, it should have been so alleged and settled in that action. He insists, however, that this course

could not have been pursued, because it is apparent that the cause of action as stated could not properly have been pleaded as a counterclaim, under the rule declared by section 691 of the Code of Civil Procedure. The provisions of this section have no application. The rules governing actions in justices' courts in this particular are found in sections 1524 and 1525 of this Code, and are exclusive. They are clear and explicit, and demonstrate that it was the policy and purpose of the legislature in enacting them that all petty claims existing between the parties and falling within the limited jurisdiction of justices' courts, as declared in section 66 of the same Code, should be adjusted in one action. Section 1524 declares what defenses may be made. These are: (1) A general denial of plaintiff's cause of action, and (2) "a statement, in plain and direct manner, of any other facts containing a defense or counterclaim, upon which an action might be brought by the defendant against the plaintiff in a justice's court." It will be noted that the only limitation upon the defense of counterclaim is that it must be one upon which an action might be brought in a justice's court. It makes no difference whether it meets the requirements of section 691, *supra,* or not. If the defendant fails to set it up and have it adjudicated, neither he nor his assignee can thereafter maintain an action thereon. (Sec. 1525.) That this is the purpose and effect of these provisions is clear from the fact that it is no ground of objection to the answer that counterclaims have been improperly joined therein. (Sec. 1526.)

Since this point is conclusive of the case, it is not necessary to consider other matters argued in the briefs of counsel.

Let the judgment and order be affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.